**Frank PANIA, d/b/a Dew Drop Inn**

v.

**CITY OF NEW ORLEANS, a Municipal Corporation of the State of Louisiana et al.**

**Civ. A. No. 14240.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 27, 1967.

A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La., Jack Greenberg, James M. Nabrit, III, New York City, for plaintiff.

Alvin J. Liska, Ernest L. Salatich, John P. Volz, New Orleans, La., for defendants.

WEST, District Judge:

Plaintiff brings this action as a class action seeking injunctive relief under the provisions of Title 42 U.S.C.A. Sections 1981 and 1983. He invokes the jurisdiction of this Court under the provisions of Title 28 U.S.C.A. Section 1343(c). He alleges that Section 5–61.1 of the Code of the City of New Orleans of 1956, Ordinance No. 828, M.C.S., is unconstitutional in that it deprives him of his rights to due process and equal protection of the law, and he thus seeks an injunction against the City of New Orleans and certain of its officials enjoining them from enforcing this ordinance. The ordinance in question provides, in pertinent part, as follows:

> "It shall be unlawful for any person, firm, or corporation, or association of persons, to sell any of the beverages herein defined [i. e.—alcoholic beverages] at retail, for consumption on the premises under the same roof, to both whites and Negroes unless the space where said whites and Negroes are served is divided by a solid partition from floor to ceiling without any openings whatever therein."

Plaintiff alleges that he is the owner and operator of a business in New Orleans, Louisiana, known as the Dew Drop Inn, a bar or tavern primarily engaged in the sale of alcoholic beverages for immediate consumption on the premises. He further alleges that he has been arrested several times in the past for violation of this ordinance. The sole question present here is whether or not the City of New Orleans has the right to require, by ordinance, the type of segregation that is provided for by this ordinance. It is the opinion of this Court that the City does not have this right, and that to enforce the provisions of this ordinance does violate the plaintiff's constitutional rights.

While a bar or tavern principally engaged in selling alcoholic beverages, and not principally engaged in selling food for consumption on the premises, is not covered by Section 201 of the Civil

Rights Act of 1964, Title 42 U.S.C.A. Section 2000a, such an establishment would, under the circumstances of the present case, be covered by Section 202 of the Act, 42 U.S.C.A. Section 2000a–1. Cuevas v. Sdrales, 344 F.2d 1019 (CA 10—1965). Section 202 of the Civil Rights Act of 1964 reads as follows:

> "All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a state or any agency or political subdivision thereof."

 In this case, the proprietor, who owns and operates his own private business, wishes to run it on an integrated basis but is prevented from doing so by the city ordinance in question. But just as the Federal Government has no legal right to force him to integrate his business, when that business does not fall within the purview of Section 201 of the Civil Rights Act, neither has the State or City a right to prevent him from integrating his business if he wishes to do so. This case presents an opposite situation from that found in the case of Tyson v. Cazes, et al, 238 F.Supp. 937, decided by this Court in 1965. In that case the tavern owner did not want to integrate his business but the plaintiff insisted that because there was an anti-integration ordinance in effect in the City of Plaquemine, Louisiana, he was required by the provisions of Section 202 to integrate whether he wanted to or not. This Court held then, and reiterates now that under Section 202 of the Civil Rights Act of 1964, if discrimination or segregation is practiced because it is required by some law, statute, ordinance, regulation, rule, or order of the State or of some agency or political subdivision thereof, and not by the will of an individual, freely exercised without regard to such law, statute, ordinance, regulation, rule or order, then, in that event,

such discrimination or segregation practiced for that reason alone is declared by Section 202 to be illegal. Section 202 does not purport to declare it illegal for an individual, on his own initiative, to discriminate against another individual, or against a class of individuals, or to insist upon segregation on his premises, when his premises are not, in fact, covered by Section 201 of the Act. Discrimination or segregation in such premises or in such establishments is only illegal under Section 202 when it is practiced, not because the owner or proprietor wishes to do so on an individual basis, but because he is *forced* by law to do so even though he prefers not to. To interpret Section 202 in any other manner would be to sanction the most invidious kind of discrimination.

Thus, in Tyson, the tavern owner who, of his own volition wished to operate a segregated establishment was not prohibited by Section 202 from doing so even though there was a "segregated service" ordinance in effect in the city at that time. But in the present case the tavern operator does *not* wish to operate a segregated establishment but is being *required* to do so by city ordinance. This is precisely the situation intended to be covered by Section 202 of the Civil Rights Act of 1964. The Dew Drop Inn, not being a place of public accommodation as contemplated by Section 201 of the Act, the plaintiff has the right to operate it on either a segregated or integrated basis as he, individually, sees fit, and any city ordinance which purports to deny him this right is unconstitutional and unenforceable. Thus, it is the opinion of this Court that Section 5–61.1 of the Code of the City of New Orleans, Ordinance No. 828 M.C.S., insofar as it attempts to *require* segregation in establishments principally engaged in the business of selling alcoholic beverages for consumption on the premises, is unconstitutional and unenforceable. Thus, the injunctive relief prayed for by plaintiff must be granted, and a decree will be entered accordingly.